The Decision and Order below is hereby signed.

Dated: May 3, 2006.

_S. Martin Teel Jr._

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GREATER SOUTHEAST COMMUNITY | ) | Case No. 02-02250 |
| HOSPITAL CORPORATION I, *et* | ) | (Chapter 11) |
| *al.,* | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| SAM J. ALBERTS, TRUSTEE FOR | ) | |
| THE DCHC LIQUIDATING TRUST, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 04-10366 |
| HCA INC., *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

<u>DECISION AND ORDER RE MOTION BY DEFENDANTS FOR RECONSIDERATION</u>

The defendants have moved for reconsideration of this
court's order dismissing the plaintiff Alberts' motion to compel
certain discovery on the basis that the court dismissed the
motion to compel without addressing the defendants' request for
attorney's fees and expenses incurred in opposing the motion.

I

Alberts is wrong in arguing that reconsideration is
inappropriate because nothing new has been raised in seeking
reconsideration.  Neither Rule 59 nor Rule 60 controls as no
final appealable judgment was ever entered.  However, a court is
free to reject any motion that seeks via a request for
reconsideration to rehash that which the court has already
considered and rejected.  Here, I did not consider the
defendants' request for attorney's fees and expenses, and
reconsideration is entirely appropriate.

II

In pursuing their request for attorney's fees and expenses,
the defendants place reliance on LBR 7026-1(c) which provides:

> Counsel (including any pro se party) shall confer with
> one another concerning a discovery dispute (other than
> a failure to respond at all to written discovery or a
> failure to appear for deposition) and make sincere
> attempts to resolve the differences between them.  The
> Court will not consider any discovery motion unless the
> moving party has filed a certificate reciting (1) the
> date and time of the discovery conference, the names of
> all persons participating therein and any issues
> remaining to be resolved, or (2) the moving party's
> attempts to hold such a conference without success.

Alberts' counsel apparently believed that an exchange of
correspondence with the defendants' counsel fulfilled the purpose
of this rule: the defendants' counsel's reply to Alberts'
counsel's request for supplemental discovery made clear that the
defendants would stand on their objections to Alberts' discovery.

2

Although it is a close question, the court agrees that Alberts sufficiently complied with the Local Bankruptcy Rule requiring that the parties confer in good faith.

Moreover, even if there was a failure to comply with the Local Bankruptcy Rule, the defendants are not entitled to attorney's fees.  If the defendants were of the view that the motion did not satisfy the Local Bankruptcy Rule, they could have brought that to the attention of Alberts' counsel and demanded that the motion be retracted or that the parties confer in person before Alberts continued to press the motion.  If that did not elicit a favorable response by Alberts, the defendants could have filed a motion to be excused from filing an opposition (and to strike Alberts' discovery as non-compliant with the Local Bankruptcy Rule) and, in the alternative, for an extension of the time to respond if the court rejected their view.[1]  While violations of the court's Local Bankruptcy Rule requiring that the parties first confer will meet with a refusal to consider a discovery motion, at the same time a party against whom the discovery motion is directed has an obligation to mitigate its damages.  The defendants here simultaneously moved to strike Alberts' motion to compel and addressed that same motion on the

---

[1]  Had such a motion been filed, the court might well have directed the parties to confer in person (not via the rigid vehicle of correspondence) given how close the question is whether the correspondence recited by Alberts satisfied the Local Bankruptcy Rule.

3

merits.  That put the defendants to expense that they could have avoided if Alberts' motion indeed did violate the Local Bankruptcy Rule.  In that circumstance, it is not appropriate to award attorney's fees and expenses to the defendants based on any failure of Alberts to comply with the Local Bankruptcy Rule (assuming the facts demonstrate such a failure).

The defendants do not contend that, aside from the alleged failure to comply with the Local Bankruptcy Rule, Alberts' motion was meritless, and, indeed, do not contest Alberts' representation that after Alberts filed his motion, the defendants provided further discovery responses as had been sought by Alberts' motion.

The defendants complain that Alberts failed to withdraw his motion until the day of the scheduled hearing, and that attorney's fees ought to be awarded for that belated withdrawal of the motion.  Alberts responds that he had kept the motion on file because he had a right to recover attorney's fees, and decided shortly before the hearing to withdraw the motion and forego recovering attorney's fees.  Although it would have been a better example of civility for Alberts to alert the defendants' counsel sooner that the motion would not be pursued, I do not believe that fees should be imposed against Alberts.

In accordance with the foregoing, it is

4

ORDERED that the Motion by Defendants HCA Inc. and Galen Hospital Illinois, Inc. for Reconsideration and Request for Expenses and Fees in Opposing Plaintiff's Motion to Compel (Docket Entry No. 118) is DENIED.

[Signed and dated above.]

Copies to: All counsel of record; Office of U.S. Trustee.