The decision below is hereby signed.  Dated: October 12, 2006.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GREATER SOUTHEAST COMMUNITY | ) | Case No. 02-02250 |
| HOSPITAL CORP., I, *et al.*, | ) | (Chapter 11) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| SAM J. ALBERTS, TRUSTEE FOR | ) | |
| THE DCHC LIQUIDATING TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 04-10366 |
| | ) | |
| HCA INC. AND GALEN HOSPITAL | ) | |
| ILLINOIS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

DECISION REGARDING PORTION OF
MOTION TO AMEND SECOND AMENDED COMPLAINT

Sam J. Alberts, trustee for the DCHC Liquidating Trust and plaintiff in this adversary proceeding, seeks to amend his complaint for the third time since commencing his suit to avoid and recover certain allegedly fraudulent conveyances made to defendants HCA, Inc. ("HCA") and Galen Hospital Illinois, Inc. ("GHI," and collectively the "Defendants") pursuant to 11 U.S.C.

§ 544.  Alberts originally sought to amend his complaint in two ways.  First, he wanted to add Western Plains Capital, Inc. ("Western") as a defendant (Mot. at 1).  Second, he wished to "clarify" that he seeks to avoid both the transfers between the debtors and the Defendants and the obligations underlying them (id.).  At a hearing on the motion held on October 4, 2006, the parties appeared ready to reach agreement on a stipulation that would resolve the need for the latter change, and the parties agreed to attempt to reduce such a stipulation to writing.  This decision addresses the request for leave to add Western as a defendant.

I

Alberts filed his initial complaint on November 18, 2004. In that complaint, Alberts alleged that the debtors' purchase of Columbia Michael Reese Hospital and Medical Center ("Michael Reese") constituted a fraudulent conveyance because the purchase price of the hospital ($71 million) was too high and the debtors were insolvent at the time of the bankruptcy.  Alberts added a second count to the complaint seeking to pierce the corporate veil between HCA and any of its subsidiaries that received funds transferred in payment for Michael Reese.

After Alberts filed an amended complaint (while at the same time opposing the Defendants' motion to dismiss the original

complaint),[1] the Defendants filed a second motion to dismiss. The court denied the second motion to dismiss, but ordered Alberts to file a second amended complaint alleging facts that would justify his "lumping" together of the debtors in his complaint or specify which of the debtors consummated the allegedly fraudulent conveyance (D.E. No. 47, entered June 23, 2005).

Alberts filed his second amended complaint on July 21, 2005 (D.E. No. 56). The defendants filed both answers and counterclaims to the second amended complaint on August 5, 2006 (D.E. Nos. 61-62); Alberts answered the Defendants' counterclaims on August 23, 2006 (D.E. Nos. 63-64). After the parties filed a flurry of discovery-related motions, Alberts filed a motion for partial summary judgment on March 9, 2006 (D.E. No. 102). The defendants filed an initial opposition to this motion under Fed. R. Civ. P. 56(f) (D.E. No. 113, filed March 20, 2006) and then filed a supplemental opposition (D.E. No. 127, filed April 3, 2006), which Alberts moved to strike (D.E. No. 132, filed April 3, 2006).[2]

---

[1] The Defendants' motion to dismiss the original complaint was denied without prejudice in an order entered March 31, 2005 (D.E. No. 20).

[2] The court ultimately denied Alberts's motion to strike, but did award him attorneys' fees and costs for expenses incurred in drafting and prosecuting the motion (D.E. No. 154, entered June 2, 2006).

The parties appeared before the court on April 4, 2006, for a hearing on Alberts's motion for partial summary judgment, at which time the court ruled from the bench that the motion should be granted in part and denied in part (D.E. No. 137; see also D.E. No. 145, filed May 12, 2006 (transcript of April 4, 2006 hearing)). The court entered an order to that effect on June 2, 2006 (D.E. No. 155), and the court approved the scheduling order proposed by the parties jointly on June 16, 2006 (D.E. No. 164).

On July 27, 2006, Alberts filed another motion for partial summary judgment (D.E. No. 176). The Defendants responded to this latest motion by filing both an opposition (D.E. No. 195, filed on August 28, 2006) and a cross-motion for summary judgment (D.E. No. 200, filed August 28, 2006). The instant motion was filed one day after the Defendants' opposition and cross-motion were filed (D.E. No. 208, filed August 29, 2006). Under the current scheduling order in effect, the deadline for dispositive motions passed on September 29, 2006, and all discovery other than the parties' depositions of expert witnesses closed on September 15, 2006. Trial is set for December 3-4, 6, and 11-12.

II

Fed. R. Civ. P. 15(a) (as incorporated by Fed. R. Bankr. P. 7015) provides that leave to amend a pleading "shall be freely given when justice so requires." As explained by the Supreme Court in Foman v. Davis, 371 U.S. 178 (1962):

4

>       [i]n the absence of any apparent or declared
>       reason--such as undue delay, bad faith or
>       dilatory motive on the part of the movant,
>       repeated failure to cure deficiencies by
>       amendments previously allowed, undue
>       prejudice to the opposing party by virtue of
>       allowance of the amendment, futility of
>       amendment, etc.--leave should, as the rules
>       require, be freely given.

Id. at 182.

"Within these bounds, a [trial] court has discretion to grant or deny leave to amend under Rule 15(a)." Atchinson v. District of Columbia, 73 F.3d 418, 426 (D.C. Cir. 1996). However, "outright refusal to grant the leave without any justifying reason . . . is not an exercise of discretion." Foman, 371 U.S. at 182. Instead, the court must "provide[] a sufficiently compelling reason" (i.e., one of the bases for denial of amendment set forth in Foman) to avoid giving rise to an inference of abuse of discretion. Robinson v. Detroit News, Inc., 211 F. Supp. 2d 101, 114 (D.D.C. 2002).

Factors generally considered by courts adjudicating a motion to amend in this circuit include "whether amendment of a complaint would require additional discovery," Atchinson, 73 F.3d at 426, whether "a party has had sufficient opportunity to state a claim but has failed to do so," Mittleman v. United States, 997 F. Supp. 1, 10 (D.D.C. 1998), and whether there is "undue delay" causing prejudice to other parties to the case. Atchinson, 73 F.3d at 426. "[W]hen the motion to amend is filed late in the

litigation, justice requires the [c]ourt to determine whether there is prejudice to the defendants." Hollinger-Haye v. Harrison Western/Franki-Denys, 130 F.R.D. 1, 1 (D.D.C. 1990). Moreover, "it is generally inappropriate to grant leave to amend a complaint while summary judgment is pending." Coplin v. Conejo Valley Unified Sch. Dist., 903 F. Supp. 1377, 1388 (C.D. Cal. 1995).[3]

---

[3] The rule is not absolute. See Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co., 292 F. Supp. 2d 535, 554 (S.D.N.Y. 2003) ("Although generally disfavored, the [c]ourt has discretion to grant a party leave to amend its complaint even after that complaint is dismissed on summary judgment."); see also, e.g., Chestnut v. St. Louis County, Mo., 656 F.2d 343, 349 (8th Cir. 1981) (allowing amendment after summary judgment was filed); Cuffy v. Getty Refining & Marketing Co., 648 F. Supp. 802, 806-07 (D. Del. 1986) (same); Dairy Fresh Foods, Inc. v. Ramette (In re Country Club Market, Inc.), 175 B.R. 1011, 1016 (Bankr. D. Minn. 1994) (same). Nonetheless, courts have denied amendment at least in part on those grounds in so many cases that this court cannot list them all. See, e.g., Bediako v. Stein Mart, Inc., 354 F.3d 835, 840-41 (8th Cir. 2004); Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116-17 (3d Cir. 2003); Lowe's Home Centers, Inc. v. Olin Corp., 313 F.3d 1307, 1314-15 (11th Cir. 2002); Bethany Pharmacoal Co., Inc. v. QVC, Inc., 241 F.3d 854, 861-62 (7th Cir. 2001); Roberts v. Az. Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981); Sakamoto v. U.S. Envtl. Protection Agency, 443 F. Supp. 2d 1182 (N.D. Cal. 2006), available at 2006 WL 2067848, *14; Calkins v. Midland Funding NCC-2 Corp., 412 F. Supp. 2d 699, 702 (W.D. Mich. 2006); Xpeditor Creditor Trust v. Credit Suisse First Boston (USA) Inc., 399 F. Supp. 2d 375, 379-80 (S.D.N.Y. 2005); McCarthy v. Dun & Bradstreet Corp., 372 F. Supp. 2d 694, 700-01 (D. Conn. 2005); Guckenberg v. Wis. Central Ltd., 178 F. Supp. 2d 954, 960 (E.D. Wis. 2001). As the Fifth Circuit explained in Freeman v. Continental Gin Co., 381 F.2d 459 (5th Cir. 1967):

> Much of the value of summary judgment procedure in the cases for which it is appropriate . . . would be dissipated if a party were free to rely on one theory in an

Alberts claims that Western, a subsidiary of HCA, is the actual holder of the bank account that received impermissible conveyances from the debtors, and that he first learned of this fact on April 3, 2006 (Mot. ¶ 17). Since that time, Alberts asserts, he has tried without success to reach an agreement with the Defendants whereby HCA or Western would guarantee any judgment against GHI and Western would replace HCA as a party (id. at ¶ 19). The Defendants counter that Western has already agreed to satisfy any judgment against HCA and that Alberts has waited too long to add Western as a defendant.

The court agrees with the Defendants that it should not take over four months to add a defendant to a complaint, but "a court should not deny leave to amend based solely on time elapsed between the filing of the complaint and the request for leave to amend." Adair v. Johnson, 216 F.R.D. 183, 186 (D.D.C. 2003). Rather, "[t]he length of a litigation is relevant only insofar as it suggests either bad faith on the part of the moving party or potential prejudice to the non-moving party should an amendment be allowed." Caribbean Broadcasting Sys., Ltd v. Cable & Wireless PLC, 148 F.3d 1080, 1084 (D.C. Cir. 1998); see also

---

> attempt to defect a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory.

Id. at 469-70.

Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639, 883 F.2d 132, 145 (D.C. Cir. 1989) (amendment permitted despite two-month delay in part because "there was no evidence of prejudice . . . or of deliberate delay or bad faith").[4]

The Defendants do not allege that Alberts acted in bad faith in failing to request leave to add Western as a defendant prior to August 29, 2006.  Nor do they demonstrate any undue prejudice arising from such amendment.  The only possible harm that could occur as a result of adding Western to this proceeding would be a delay in the trial due to the need to accommodate any discovery by Western, but such delay, if any, would likely be minimal because the Defendants can share the results of their discovery, which is almost finished, with Western.[5]  Moreover, the defendants have filed a cross-motion for summary judgment which,

---

[4] The Defendants argue that Alberts cannot add Western as a defendant because the deadline for joining new parties passed on September 9, 2005, pursuant to the court's scheduling order (D.E. No. 36, entered May 31, 2005).  This argument focuses on the wrong order.  On June 16, 2006, the court entered an amended order eliminating the deadline for joining parties and setting a deadline for motions to amend pleadings of September 22, 2006 (D.E. No. 164 ¶ 2).  The second amended scheduling order extends that deadline by another week (D.E. No. 190, entered August 16, 2006).  Alberts filed his motion well in advance of either deadline.

[5] See Clark v. America's Favorite Chicken Co., 896 F. Supp. 611, 615 (E.D. La. 1995) (adding new defendant would not prejudice existing defendants because "substantial discovery" had been completed, which would allow new defendants to "bring themselves 'up to speed'" more quickly).

if granted, would obviate the need for trial altogether.

The Defendants also argue that it would be futile to allow Alberts to add Western as a defendant because the statute of limitations would bar any suit against Western at this juncture and Western was a "mere conduit" of any fraudulent conveyances from the debtors. "Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss." James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996). Both of the Defendants' arguments in support of a finding of futility are affirmative defenses that can only be granted on a motion to dismiss if it is clear from the face of the complaint that the defenses are meritorious. Smith-Haynie v. District of Columbia, 155 F.3d 575, 578 (D.C. Cir. 1998).[6]

The allegedly fraudulent conveyance at issue in this adversary proceeding took place in either December of 1998 or January of 1999 according to the proposed third amended complaint (Mot. at Ex. B ¶ 23). Western could not be added as a defendant until October of 2006 at the earliest. Even applying the longer

---

[6] Some courts require that any amendment to a complaint proposed after a motion for summary judgment is filed be "supported by substantial and convincing evidence" for leave to be granted. Adorno v. Crowley Towing and Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006); accord Borough of Ellwood City, Pa. v. Pa. Power Co., 570 F. Supp. 553, 556 (W.D. Pa. 1983). The Defendants do not cite, and this court cannot locate, any decision in this circuit expressly adopting this evidentiary requirement, and the court declines to adopt such a standard here.

9

statute of limitations provided by the Illinois Uniform Fraudulent Transfer Act, 740 Ill. Comp. Stat. 160/1 <u>et</u> <u>seq.</u> (1990), which Alberts invokes pursuant to 11 U.S.C. § 544(b)(1), the seven-year gap between the challenged conveyance and the initiation of proceedings against Western is time-barred on its face.  <u>See</u> 740 Ill. Comp. Stat. 160/10 (establishing four-year statute of limitations).[7]

Nevertheless, Alberts could overcome this hurdle if he could demonstrate that the addition of Western as a defendant "relates back" to the date of the filing of his initial complaint pursuant to Fed. R. Civ. P. 15(c) (as incorporated by Fed. R. Bankr. P. 7015).  That rule states in pertinent part:

> (c) Relation Back of Amendments.  An amendment of a pleading relates back to the date of the original pleading when . . .
>
> > (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> >
> > (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing

---

[7] Alberts has argued in other contexts that he is entitled to invoke the even longer statute of limitations that may be available to the Department of Health and Human Services and the Internal Revenue Service because these entities were unsecured creditors of the debtors on the petition date; this contention is the subject of the parties' cross-motions for summary judgment. The court does not need to consider the validity of that argument here given its ruling with respect to the "relation back" doctrine.

> provision (2) is satisfied and, within
> the period provided by Rule 4(m) for
> service of the summons and complaint,
> the party to be brought in by amendment
> (A) has received such notice of the
> institution of the action that the party
> will not be prejudiced in maintaining a
> defense on the merits, and (B) knew or
> should have known that, but for a
> mistake concerning the identity of the
> proper party, the action would have been
> brought against the party.

Id.  As this court explained the rule in Alberts v. Arthur J. Gallagher & Co. (In re Greater Southeast Cmty. Hosp. Corp. I), 341 B.R. 91 (Bankr. D.D.C. 2006):

> [A]n amended complaint seeking to add an
> additional defendant will be permitted to
> relate back if it (1) arose out of the
> conduct, transaction, or occurrence set forth
> or attempted to be set forth in the original
> pleading; (2) the added parties received
> notice of the action within the time period
> provided for under [Fed. R. Bankr. P.
> 7004(m)] such that the parties will not be
> prejudiced in maintaining a defense; and (3)
> the added parties knew or should have known
> that they were proper parties but for the
> plaintiff's mistake.

Id. at 97.

The Defendants argue that Western has never received notice of the instant proceeding, much less within the time required by Rule 7004(m).[8]  Alberts counters that Western was placed on constructive notice of the proceeding through the "identity of

---

[8] The Defendants raised the issue of notice for the first time at the October 4, 2006 hearing.  The court need not consider an argument that is raised for the first time at a hearing on a motion, but will do so out of an abundance of caution.

11

interest" and "shared attorney" doctrines (Mot. ¶¶ 31-35).  All of these arguments turn on factual determinations that cannot be made on a motion to dismiss or, by extension, a motion to amend a complaint.[9]  Similarly, the Defendants' contention that Western did not and should not have known that it was a proper party but for Alberts's mistake is a fact-driven argument that need not be rebutted in Alberts's complaint.  <u>Alberts v. Tuft (In re Greater Southeast Cmty. Hosp. Corp. I)</u>, 2006 WL 2793177, *17 (Bankr. D.D.C. Sept. 21, 2006).

Finally, there is nothing in the proposed third amended complaint that establishes Western as a "mere conduit" of the allegedly fraudulent conveyance made by the debtors to GHI or HCA.  Indeed, the proposed third amended complaint does not even identify which of the Defendants was the initial transferee of the conveyance.  The court could not dismiss the complaint against Western pursuant to Fed. R. Civ. P. 12(b)(6) (as incorporated by Fed. R. Bankr. P. 7012); therefore, it cannot deny amendment to the complaint under the futility doctrine,

---

[9] The Defendants asserted at the October 4, 2006 hearing that even if Alberts's claims against Western related back to an earlier pleading, that pleading would be the second amended complaint, which was filed long after the statute of limitations for Alberts's actions expired.  As the court explained from the bench, the Defendants' argument is flawed because the second amended complaint itself relates back to the original complaint, which, for purposes of a motion to dismiss, was filed before the statutory deadline passed.

12

either.[10]

### III

For the reasons set forth above, the court will grant the motion to amend insofar as it seeks to add Western as a defendant to this proceeding.

An order follows.

[Signed and dated above.]

Copies to:

| | |
|---|---|
| Lucius B. Lau | Jeffrey W. Kilduff |
| Jeffrey E. Schmitt | Lani R. Miller |
| White & Case LLP | Stephen D. Brody |
| 701 Thirteenth Street, N.W. | O'Melveny & Myers LLP |
| Washington, DC 20005 | 1625 Eye Street, NW |
| Counsel for the plaintiff | Washington, DC 20006 |
| | Counsel for the defendants |

---

[10] The court queried Alberts at the October 4, 2006 hearing as to whether the Defendants would be prejudiced by the need for discovery on the issue of relation back (and, by implication, Western's "mere conduit" defense). Alberts expressed his intent to conduct expedited discovery on these issues to ensure that trial would proceed on schedule. The court is confident that any delay in the trial date will be so minimal that it does not unduly prejudice the Defendants. Moreover, it strikes the court as unfair to hold that on the one hand Alberts cannot amend his complaint if the amended allegations fail to state a claim, but that on the other hand he cannot amend his complaint if it does state a claim because the claim will require additional discovery by and against the newly added defendant. Given Alberts's willingness to engage in expedited discovery with respect to Western and the fact that Western, not HCA or GHI, will be out of pocket for the costs associated with discovery, the court concludes that there is no undue prejudice to HCA or GHI.