UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>GREATER SOUTHEAST COMMUNITY HOSPITAL CORP., I, *et al.*,<br><br>*Debtors.* | Chapter 11<br><br>Jointly Administered<br>Case No. 02-2250<br>Judge S. Martin Teel, Jr. |
| SAM J. ALBERTS, TRUSTEE FOR THE DCHC LIQUIDATING TRUST,<br><br>*Plaintiff,*<br><br>v.<br><br>HCA INC. AND GALEN HOSPITAL ILLINOIS, INC.,<br><br>*Defendants.* | Adv. Proc. No. 04-10366 |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE
PAROL EVIDENCE IN CONNECTION WITH THE
ASSET PURCHASE AGREEMENT BETWEEN MICHAEL REESE
MEDICAL CENTER CORPORATION AND GALEN HOSPITAL ILLINOIS, INC.**

Plaintiff, Sam J. Alberts, in his capacity as Trustee for The DCHC Liquidating Trust (the "Trust"), files this Motion *In Limine* for an order excluding the Defendants from eliciting or introducing testimony and other parol evidence regarding the formation and terms of the Asset Purchase Agreement between Michael Reese Medical Center Corporation and Galen Hospital Illinois, Inc. (referred to along with the exhibits as the "APA") (attached, along with amendments, as Exhibit 1 to the Foster Declaration, Nov. 13, 2006 ("Foster Decl.")), and respectfully states:

Case 04-10366-SMT    Doc 293    Filed 11/13/06    Entered 11/13/06 21:36:59    Desc Main
Document    Page 2 of 6

1.      In their Pretrial Statement (Exhibit B), the Defendants state that they plan to elicit testimony from Frank Berryman, Gregg Gerken, V. Carl George and David Hill on "negotiations" of the Asset Purchase Agreement ("APA"). *See* Defendants' Pre-Trial Statement Ex. B (Docket No. 277). Although not expressly stated in Exhibit B, the Defendants have otherwise communicated that they will seek to introduce such testimony (and other information) in an effort to, *inter alia*, combine the purchase price and assets of Michael Reese Hospital and Medical Center ("Michael Reese Hospital") with the assets and value transferred in connection with a sale of a separate hospital (Grant Hospital), between a separate seller (Columbia Grant Hospital, Inc.) and a separate buyer (Grant Hospital Corporation), for separate consideration ($12 million plus working capital and capital expenditures), under a separate Asset Purchase Agreement.[1] *See* Defendants' Pre-trial Statement Ex. C at 8 (Docket No. 277) (listing the Grant Hospital Asset Purchase Agreement in their proposed exhibit list). Whether Defendants' motive is simply to improperly attempt to reallocate the Michael Reese Hospital purchase price, or for other reasons, any such testimony and information would be improper in that it violates the parol evidence rule.[2]

2.      The APA is dated July 8, 1998 and is by and between Michael Reese Medical Center Corporation ("Reese Corp.") as named Buyer and Galen Hospital Illinois, Inc. ("GHI") as named Seller.

---

[1] The separate Grant Hospital Asset Purchase Agreement, along with amendments, and the Closing Statement are attached as Exhibits 3 and 4, respectively, to the Foster Declaration. *Compare with* Michael Reese Hospital APA (Foster Decl. Ex. 1) *and* Michael Reese Hospital Closing Statement (attached as Exhibit 2 to the Foster Decl.).

[2] Such testimony and documents concerning that Grant Hospital sale also fails on the basis of relevancy. The Trust reserves the right to raise additional objections to testimony and documents at trial.

3.    Among its critical provisions, the APA has an integration clause that states:

**Section 12.04.    Entire Agreement.**    This Agreement, the Exhibits and the Schedules delivered pursuant hereto constitute the entire contract between the parties hereto pertaining to the subject matter of and thereof and supersede all prior and contemporaneous agreements, understandings, negotiations and discussions, whether written or oral, of the parties, and there are no representations, warranties or other agreements between the parties in connection with the subject matter hereof or thereof, except as specifically set forth herein. To the extent that the provisions of the Exhibits or Scheduled to be attached hereto conflict with the provisions of this Agreement, the provisions of this Agreement shall control.

APA § 12.04.

4.    The APA has a choice-of-law provision requiring that its validity and construction be governed by Arizona law. *See* APA § 12.05.

5.    The APA was amended six times (attached with APA as Exhibit 1 to the Foster Decl.). Each of these amendments included the following provision:

Miscellaneous:  Except as previously amended and further amended herein, the Agreement shall remain in full force and effect, enforceable in accordance with its terms.

6.    In Arizona, the parol evidence rule is a substantive rule of law that prohibits judicial consideration of extrinsic evidence that adds to, subtracts from, varies or contradicts the terms of a complete, unambiguous, and integrated written agreement. *See Richard Development Co. v. Sligh*, 358 P.2d 329, 330 (1961); *see also McCutchin v. SCA Servs. of Arizona, Inc.*, 709 P.2d 591, 592 (Ariz. Ct. App. 1985) ("The parol evidence rule is a rule of substantive law which declares 'that certain kinds of facts are legally ineffective") (quoting 9 Wigmore, Evidence § 2400 (Chadbourn rev. 1981)).

7.    Arizona appellate courts have repeatedly held that parol evidence is not admissible to alter the plain meaning of a written contract. *See Diamond v. Chiate*, 300 P.2d 583, 587 (1956) (holding it was improper to permit vendor to testify contrary to written recitals

in listing contract); *Brand v. Elledge*, 419 P.2d 531, 537 (1966) ("The law is clear that parol evidence may be used to explain an ambiguous contract, but in the absence of fraud or mistake, it may not be used to change, alter or vary the express terms in a written agreement."). Before parol evidence may be admitted, the Arizona Supreme Court has instructed:

> [P]arol evidence is not admissible to aid in the interpretation of the parties' intentions until the four corners of the writing itself have been searched to determine whether the document itself affords a reasonably clear understanding of what the parties have agreed to do. Or in other words a contract is ambiguous when its meaning cannot be ascertained within its four corners, and if a written contract is so worded that it can be given a certain or definite legal meaning or interpretation it is not ambiguous.

*Richards Development Co.*, 358 P.2d at 330. Here, the APA and its amendments are clear on their face. They concern the Michael Reese Hospital transaction, not any other transaction. Moreover, no testimony regarding the "negotiations" of those documents is needed or allowed under Arizona law.

8.      Further, the parol evidence should be respected when there has been an integration of an agreement into a writing. *Turley v. Adams*, 484 P.2d 668, 671 (Ariz. Ct. App. 1971). Generally, an integration clause serves to establish that the parties intended a written agreement to be the entire agreement between the parties. The APA's integration clause clearly states that the APA, its exhibits and schedules "constitute the entire contract between the parties" and "supersede all prior and contemporaneous agreements, understandings, ***negotiations*** and discussions, whether written or oral, of the parties . . . ." APA § 12.04 (emphasis added).

9.      Here, the APA is plain on its face as to its terms, including consideration, the Seller and Buyer, and the assets being sold (Michael Reese Hospital). On its face, the APA does not include the sale of Grant Hospital or any aspect of the consideration exchanged for Grant Hospital, all of which are governed by a separate APA between separate parties. For Defendants

to argue otherwise is fundamentally flawed and would require the improper introduction of parol

evidence.

10.    Moreover, in light of the fact that the Defendants propose to present twenty-three

hours of direct testimony, the Defendants' inclusion of APA "negotiations" is not only improper,

but it also a waste of time and judicial resources.  This Court should not allow the Defendants to

present irrelevant and improper testimony and documents contrary to law, including Arizona's

parol evidence rule.

WHEREFORE, for these reasons, the Court should exclude all testimony and documents

by the Defendants as stated above and grant the Trustee all further relief as is just and proper.

Dated: November 13, 2006                    Respectfully submitted,

**WHITE & CASE**LLP

By: _____
Sam J. Alberts (D.C. Bar No. 443260)
Lucius B. Lau (D.C. Bar No. 446088)
Dana E. Foster (D.C. Bar No. 489007)
701 Thirteenth St., N.W.
Washington, D.C.  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Sam J. Alberts,*
*Trustee for The DCHC Liquidating Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2006, I caused to be served a true and correct copy of "PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE PAROL EVIDENCE IN CONNECTION WITH THE ASSET PURCHASE AGREEMENT BETWEEN MICHAEL REESE MEDICAL CENTER CORPORATION AND GALEN HOSPITAL ILLINOIS, INC." by email and first-class mail upon:

| Name and Street Address | Email Address, if any |
|---|---|
| Jeffrey W. Kilduff, Esq.<br>O'Melveny & Myers LLP<br>1625 Eye Street, NW<br>Washington, DC 20006 | |

Dana E. Foster