The decision below is hereby signed.  Dated: January 2, 2007.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GREATER SOUTHEAST COMMUNITY | ) | Case No. 02-02250 |
| HOSPITAL CORP. I, *et al.*, | ) | (Chapter 11) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| SAM J. ALBERTS, TRUSTEE FOR | ) | |
| THE DCHC LIQUIDATING TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 04-10366 |
| | ) | |
| HCA INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM DECISION REGARDING RESPONSES TO ORDER TO SHOW CAUSE</u>

The plaintiff Sam J. Alberts, trustee for the DCHC Liquidating Trust (the "Trust"), and the defendants HCA Inc. ("HCA") and Galen Hospital Illinois, Inc. ("GHI," and

collectively the "Defendants"),[1] have filed responses to the court's order to show cause entered on December 6, 2006 (D.E. No. 330) (the "Show Cause Order").  Based upon these responses, the court concludes that it is appropriate to grant summary judgment in favor of Alberts with respect to the factual issue of whether the Internal Revenue Service (the "IRS") held an unsecured pre-petition claim against the debtor Michael Reese Medical Center Corporation ("Michael Reese").  The court will deny the Defendants summary judgment with respect to the same issue.

I

The court has recited the facts underlying this dispute at length in prior decisions and need not recapitulate those recitations in detail here.  Briefly stated, Michael Reese entered into a contract with GHI, a subsidiary of HCA and affiliate of Western, for the purchase of Columbia Michael Reese Hospital and Medical Center ("Michael Reese Hospital") in June of 1998.  After a series of delays, Michael Reese finally purchased

---

[1] In addition to HCA and GHI, Western Plains Capital, Inc. ("Western") is a defendant in this adversary proceeding, but it was not added as a party until after Alberts filed the motion for partial summary judgment from which the order to show cause at issue in this memorandum decision arose.

the hospital on November 12, 1998, for at least $66,048,840.00.[2]

Michael Reese, along with several other corporate affiliates (collectively the "Debtors"), filed for chapter 11 relief on November 20, 2002. After protracted proceedings lasting almost 18 months, the Debtors achieved confirmation of their second amended plan of reorganization (the "Plan") on April 5, 2004. Section 6.6 of the Plan provides for the creation of the Trust, which is charged with liquidating certain assets of the Debtors and distributing the proceeds to certain classes of creditors. Among the assets transferred to the Trust were fraudulent conveyance and other actions authorized under chapter 5 of the Bankruptcy Code. (Plan §§ 4.10, 6.6(f)).

Acting in his capacity as trustee, Alberts initiated the instant adversary proceeding on November 18, 2004, seeking to recover the assets transferred to the Defendants on November 12, 1998 (the "Michael Reese Transfers"), under the Illinois Uniform Fraudulent Transfer Act, 740 Ill. Comp. Stat. 160/1 et seq. (1990) (the "IUFTA"), pursuant to 11 U.S.C. § 544. After amending his complaint twice, Alberts moved for summary judgment

---

[2] The court awarded summary judgment to Alberts on this factual issue in an oral decision dated April 4, 2006, and subsequent order entered on June 2, 2006. There is an outstanding dispute as to whether Michael Reese transferred funds or incurred obligations totaling an additional $5,571,381.00, which the court will consider once again in resolving the motion for partial summary judgment filed by the Defendants on November 6, 2006.

on March 9, 2006.  That motion was granted in part and denied in part in an oral decision dated April 4, 2006, and accompanying order entered on June 2, 2006.

Alberts filed a second motion for summary judgment on July 27, 2006, this time seeking partial summary judgment with respect to the affirmative defense raised by the Defendants that his lawsuit was barred by the IUFTA's four-year statute of repose. See 740 Ill. Comp. Stat. 160/10(a).  Although he acknowledged that his suit did not commence within four years of the Michael Reese Transfers, Alberts argued that he was entitled to a longer statute of limitations because the Department of Health and Human Services ("HHS") and the IRS were creditors of Michael Reese when Michael Reese filed its petition.  The Defendants both opposed Alberts's motion and cross-moved for summary judgment on this and other issues.

In a memorandum decision entered on December 6, 2006, the court held that Alberts was entitled to invoke the statute of limitations available to any pre-petition unsecured governmental creditor of Michael Reese, but that Alberts had failed to produce any evidence demonstrating that HHS was such a creditor. Alberts v. HCA, Inc. (In re Greater Southeast Cmty. Hosp. Corp. I), Adv. Pro. No. 04-10366, slip op. at 7-28 (Bankr. D.D.C. Dec. 6, 2006), available at 2006 WL 3519298 ("HCA").  The court further concluded that any claim held by the IRS for employment taxes

4

arising from work incurred during the pay period straddling Michael Reese's petition date would constitute an unsecured claim to the extent that the work creating the tax liability occurred prior to the petition date, id. at 28-37,[3] but that there was no evidence in the record from which the court could infer that work occurred prior to the petition date. Id. at 37. This latter concern was raised by the court sua sponte. Id. at 37-38.[4]

Rather than "hold Alberts's feet to the fire for failing to supply evidence that no one thought to request," id. at 38, the court decided to "give both Alberts and the Defendants an opportunity to supplement the record with respect to whether wages were earned by Michael Reese employees between November 10, 2002, and November 19, 2002." Id. The court laid out the terms of this "opportunity" in as straightforward a manner as possible:

---

[3] The court also noted that there was a "legitimate question" as to whether Alberts could invoke the longer statute of limitations available to the IRS under the Supreme Court's decision in United States v. Summerlin, 310 U.S. 414 (1940), if the only work creating employment tax liability for Michael Reese occurred pre-petition but after the deadline for commencing a fraudulent transfer action under the IUFTA had passed. See HCA, slip. op. at n.39. Alberts has obviated this concern by producing evidence demonstrating that work occurred before that deadline passed.

[4] Alberts also argued that the IRS held a pre-petition unsecured claim against Michael Reese for unpaid taxes owed under the Federal Unemployment Tax Act, 11 U.S.C. § 3301 et seq. The court denied both sides' requests for summary judgment on this issue without prejudice to renewal at a later hearing due to the court's inability to reach a satisfactory conclusion on the basis of the papers before it. HCA, slip op. at 39-41. The court's decision today renders that unresolved issue moot.

5

> Should Alberts fail to supply such evidence, summary judgment will be granted to the Defendants on this point. But if Alberts is able to provide evidence that would permit an inference that work was performed prior to the petition date (*e.g.*, by providing documentary or testimonial evidence to the effect that Michael Reese employees worked on the dates in question or usually worked on the days of the week that fell within those dates), the court will grant summary judgment in his favor on this point unless the Defendants can produce evidence to the contrary.

Id. at 38-39. The Show Cause Order, entered on the same date as the memorandum decision quoted above, effectuated this directive.

II

Alberts has ostensibly satisfied the requirements set forth in the court's Show Cause Order by submitting declarations from three Michael Reese Hospital employees in which the employees state that they worked on November 10, 2002, through November 12, 2002, a declaration from the CEO of Michael Reese to the same effect, and a representative sample of Michael Reese's payroll register for the period of November 10, 2002, to November 23, 2002, as well as the pay periods preceding and following that pay period.[5] The Defendants have no evidence to counter these declarations and exhibits. Instead, they argue that the evidence submitted by Alberts is neither "competent" nor "admissible."

---

[5] The Defendants argue that these exhibits are inadmissible hearsay evidence. (Def. Response at 2-3). The court declines to rule on this issue because the testimonial evidence supplied by Alberts satisfies the requirements of the Show Cause Order.

6

(Def. Response at 1).

The Defendants contend that the declarations submitted by Michael Reese Hospital employees Carolyn Jackson, Carolyn Simpkins, and Mary Meade (the "Employee Declarations") are worthless because "each declarant merely asserts that she worked in the accounts payable or patient accounting department at Michael Reese Hospital, which is owned by Michael Reese Medical Center Corporation." (Def. Response at 2 (internal quotations omitted)).  This argument is fine so far as it goes, but there is other evidence in the record (e.g., the declaration of Michael Reese CFO Phillip Robinson and the exhibits attached to that declaration)[6] that make it clear that the employees of Michael Reese Hospital were the employees for whom employment taxes were owed by Michael Reese.  (Pl. Statement of Facts As to Which There Is No Genuine Issue in Support of Pl. Mot. for Partial Summ. J. at Ex. 3 (D.E. No. 178, filed July 27, 2006)).[7]  The Employee Declarations, when read in tandem with the Robinson declaration

---

[6] As the court noted in its December 6, 2006 memorandum decision, the exhibits to the Robinson declaration are unauthenticated and therefore inadmissible on a motion for summary judgment.  HCA, slip op. at n.29.  As the court also noted in its memorandum decision, the Defendants waived any objection to the admissibility of such evidence by failing to raise the issue in their opposition to Alberts's motion.  Id.

[7] The Defendants acknowledge in their own cross-motion for summary judgment that Michael Reese purchased Michael Reese Hospital and suggest no reason why the employment taxes generated by that hospital would not be the obligation of Michael Reese.

7

and its attached exhibits, are enough to warrant summary judgment in Alberts's favor by themselves.

Even if the court were to discount the Employee Declarations entirely, the declaration of Dr. Enrique Beckmann, past and present CEO of Michael Reese, provides an alternative basis for awarding Alberts summary judgment. In that declaration, Beckmann avers that "[f]rom 2000 through the date of this [d]eclaration, [Michael Reese] has been in continuous operation," that "[Michael] Reese Hospital provides medical care and treatment 24 hours each day, seven days a week, 365 days a year[,] . . . [and] has employees on duty . . . 24 hours a day, seven days a week, 365 days a year," and that "[d]uring the period of November 10 through 12, 2002, [he] personally visited [Michael] Reese Hospital and saw people who were employed by [Michael Reese] working at [Michael] Reese Hospital." (Pl. Response at Ex. D). The Defendants dismiss these statements as "broad and general," (Def. Response at 3), but the court is hard put to imagine clearer testimonial evidence supporting the fact that Michael Reese employees earned wages on November 10, 2002, through November 12, 2002.

The Defendants also suggest that it would be inequitable to permit Alberts to rely on the Beckmann declaration without allowing the Defendants an opportunity to cross-examine Beckmann on the subject matter of that declaration. (Def. Response at 4).

In point of fact, the Defendants could have deposed Beckmann on this issue at any point during the discovery process, but chose not to do so.  Moreover, the Defendants have not presented any evidence indicating that they asked Alberts to name witnesses who could provide the sort of information contained in the Beckmann declaration only to be told that no such person existed.  Rather, it appears that <u>both</u> sides were surprised by the court's conclusion that there was a gap in the evidentiary record before it.

Both Alberts and the Defendants were given an opportunity to present whatever evidence they could muster to fill that gap. Alberts put that opportunity to good use; the Defendants could not.  Cross-examination is unnecessary where both parties have had an opportunity to conduct discovery and there is no genuine dispute with respect to the material fact in question.  In such circumstances, summary judgment is the only appropriate result. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).

### III

For the reasons set forth above, the court will grant summary judgment in favor of Alberts on the factual issue of whether the IRS held an unsecured pre-petition claim against Michael Reese for employment taxes.

An order follows.

                              [Signed and dated above.]

Copies to: All counsel of record.

10

D:\Andrew Fausett Temp Docs\Decisions with Related Orders\Alberts v. HCA, Inc. (In re Greater Southeast Cmty. Hosp. Corp. I)\decision_GTSC_Alberts v. HCA.wpd